IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CRYER, | No. 2:12-CV-3013-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for summary judgment (Doc. 16).

/ / /

/ / /

/ / /

## I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on August 17, 2009.  In the application, plaintiff claims that disability began on June 23, 2006.  Plaintiff claims that disability is caused by chronic back pain.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 6, 2011, before Administrative Law Judge ("ALJ") Mary M. French.   In a June 21, 2011, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative disc disease and status post two-level diskectomy with fusion at L5-S1 and L4-5;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform the full range of sedentary work; specifically, the claimant can lift/carry ten pounds occasionally, less than 10 pounds frequently; he can sit for 6 hours in an 8-hour day; he can stand/walk for at least 2 hours in an 8-hour day; the claimant requires the ability to periodically alternate between sitting, 25-30 minutes, getting up and walking around for one minute, standing for one hour, and then sitting for 10 to 15 minutes; he can occasionally push/pull with both lower extremities; he is never able to climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; he can occasionally reach overhead with both upper extremities; and he must avoid exposure to extreme cold and hazards such as machinery and heights; and

4. The claimant is capable of performing his past relevant work as a drafter.

After the Appeals Council declined review on October 18, 2012, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ's determination that he can perform his past relevant work is not supported by substantial evidence; (2) the ALJ failed to resolve an inconsistency in the residual functional capacity finding; and (3) the ALJ failed to provide sufficient reasons for rejecting lay witness evidence.

**A.  Residual Functional Capacity Assessment**

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). Thus, residual functional capacity describes a person's exertional capabilities in light of his or her limitations.

///

Plaintiff argues:

> Here, the ALJ found that Plaintiff was capable of less than sedentary work. Tr. 25. Sedentary work is characterized by the ability to lift no more than ten pounds at a time and occasionally lift and carry small articles like tools or files. See SSR 83-10. Further, sedentary work requires occasionally walking and standing and is performed primarily sitting. Id. The ALJ found that Plaintiff could periodically alternate between sitting for twenty-five to thirty minutes, walking around for one minute, standing for one hour, and then sitting for ten to fifteen minutes. Tr. 25.
> If Plaintiff alternated between sitting and standing in this fashion, assuming Plaintiff could sit for the maximum period, Plaintiff would be sitting/walking for thirty-one minutes, standing for one hour, and sitting again for fifteen minutes. If Plaintiff repeated this throughout an eight-hour workday, he would spend approximately 3.8 hours sitting/walking and four hours standing. The ALJ did not explain the inconsistency between finding Plaintiff capable of less than sedentary work, yet finding in essence, that Plaintiff was capable of standing for four hours per day. See SSR 86-8. The ALJ is required to reconcile any significant inconsistencies. Id. The ALJ's residual functional capacity assessment is patently internally inconsistent and the ALJ's failure to explain how these two inconsistent findings could coexist was error. Id.

In response, defendant argues:

> Plaintiff's contention lacks merits. The elements of the ALJ"s assessed option of switching between sitting for 25 to 30 minutes, getting up and walking around for 1 minute, standing 1 hour, and sitting for 10 to 15 minutes – need not follow the exact order or maximum time frames presented in the RFC assessment. Thus, Plaintiff could sit and stand for as long as he wished, *so long* as he did not exceed sitting for 30 minutes without at least 1 minute of walking around, and did not exceed standing for 1 hour with at least 10 to 15 minutes of sitting (Plaintiff could sit for longer than 10 to 15 minutes), before standing another hour. Moreover, Plaintiff could sit for 30 minutes, walk around for 1 minute, and *sit another 30 minutes again*, as many times as he wished so long as he walked around for 1 minute after each sitting. In addition, Plaintiff could sit for 25 to 30 minutes, however many times he wanted before standing for the first time – and the standing need not be for 1 hour every time, and the sitting to follow the 1 hour of standing need not be as short as 10 minutes, but could be as long as 30 minutes.

Defendant's argument is persuasive and the court agrees that plaintiff attempts to create inconsistency where none exists. The ALJ's residual functional capacity assessment requiring the "ability to periodically alternate" between sitting/standing/walking activities does not, as defendant notes, define a series of events that must be completed in order. Instead, the ALJ has

4

outlined a group of options which must be available to plaintiff, but need not be followed exactly. Plaintiff's reading of the ALJ's residual functional capacity assessment is simply too constrained.

      **B.**      <u>**Lay Witness Evidence**</u>

In determining whether a claimant is disabled, an ALJ generally must consider lay witness testimony concerning a claimant's ability to work. See <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e). Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." See <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996). Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." <u>Dodrill</u>, 12 F.3d at 919. The ALJ may cite same reasons for rejecting plaintiff's statements to reject third-party statements where the statements are similar. See <u>Valentine v. Commissioner Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).

Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting lay witness testimony from his fiancé, Sheila Café. As to Ms. Café, the ALJ stated:

> The undersigned has read and considered the statements from the claimant's girlfriend in a third party function report, and finds these statements are only credible to the extent that her statements are consistent with the conclusion the claimant can do the work described herein (Exhibit 9E). The claimant's girlfriend reported the claimant has trouble sleeping; it is too painful for him to climb stairs; and it takes him days to complete any task.
>
> The claimant's girlfriend is not a medical professional and as a lay witness she is not competent to make a diagnosis or argue the severity of the claimant's symptoms in relationship to his ability to work. According to the questionnaire, she is helping to support the claimant physically, emotionally, and financially. Therefore, she has a financial interest in seeing the claimant receive benefits and her opinion is not an unbiased one. Most importantly, her statements are not supported by the clinical or

5

> diagnostic medical evidence. . . .
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements, and those of his girlfriend, concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Here, the statements from plaintiff and his fiancé regarding his limitations were similar. Further, it is clear that the ALJ rejected Ms. Café's statements for the same reasons as she rejected plaintiff's statements. Given that plaintiff does not argue any errors with respect to the ALJ's finding regarding his own credibility, the court does not find any error in the ALJ's application of the same analysis to Ms. Café. See id.

    **C.**    **Past Relevant Work**

Plaintiff argues that, in concluding that he can perform his past relevant work as a drafter, as actually performed, the ALJ failed to provide any analysis explaining how he could perform such work given his residual functional capacity. According to plaintiff:

> The evidence shows that the job of drafter, both as actually performed by Plaintiff and as generally performed in the national economy, is inconsistent with Plaintiff's limitations in both lifting and carrying and standing/walking and sitting. Tr. 27. The ALJ made no effort to clarify the discrepancies between the residual functional capacity, Plaintiff's testimony, and Mr. Dettmer's [the vocational expert] testimony. Considering this evidence, Plaintiff is precluded from performing his past relevant work. . . .

The court finds no error. Here, the vocational expert was presented with a hypothetical based on the ALJ's residual functional capacity finding, including the assessed sit/stand/walk limitations and options. The vocational expert testified that such a person would be able to perform the drafting job, as that job is generally performed in the national economy. Plaintiff's argument is premised on the notion – with which the court does not agree, for the

/ / /

/ / /

6

reasons discussed above – that the ALJ assessed a more restrictive sit/stand/walk limitation than she actually did.  As defendant persuasively argues:

> . . .Plaintiff's reference to the VE's testimony that it was "not competitive" or "normal employment" for the drafting job if Plaintiff needed additional hour-long breaks in addition to regular breaks, is irrelevant.  (citation to plaintiff's brief omitted).  The ALJ did not find this more extreme limitation supported by substantial evidence and did not include it into Plaintiff's RFC assessment.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 15) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 16) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 31, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE